## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

LEONARD J. RICHARDS,

                                Plaintiff,

v.

STATE OF MINNESOTA, *by Lori R. Swanson, its Attorney General*; MIKE HERMERDING, *State Program Administrative Manager Principal of the Department of Corrections of the State of Minnesota ("DOC"), in his individual and official capacities*; SHEILA PACKWOOD, *Food Program Director of the DOC, in her individual and official capacities*;  NANETTE M. LARSON, *Health Services Director of the DOC, in her individual and official capacities*; THOMAS A. ROY, *Commissioner of the DOC, in his individual and official capacities also known as* Tom Roy; MARK BRANDT DAYTON, *Governor of the State of Minnesota, in his official capacity also known as* Mark Dayton; STEPHEN F. SIMON, *Secretary of State of the State of Minnesota, in his individual capacity also known as* Steve Simon, and BRADLEY K. ANDERSON *Election Administrator of the Secretary, in his individual capacity also known as* Brad Anderson; *and all persons in concern with any of the defendants or on their behalf,*

                                Defendants.

Civil No.  13-3029 (JRT/JSM)

**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE DATED JANUARY 14, 2016**

---

Leonard J. Richards, No. 149837, MCF-Stillwater, 970 Pickett Street North, Bayport, MN  55003, *pro se.*

Margaret E. Jacot, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 900, St.  Paul, MN 55101, for defendants.

Plaintiff Leonard J. Richards is an inmate at the Minnesota Correctional Facility in

Stillwater, Minnesota ("MCF-Stillwater").  Richards commenced the instant action against

the State of Minnesota ("State"), Minnesota Secretary of State Donald Mark Ritchie, Minnesota Election Administrator Brad Anderson, Minnesota Data Practices Compliance Officer Bert Black, Minnesota Commissioner of Correction Thomas A. Roy, Governor of Minnesota Mark Brandt Dayton, and Thomas Edward Nelson.   Richards asserted claims under the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), various amendments of the United States Constitution and Minnesota Constitution, and certain Minnesota election statutes.

Defendants moved to dismiss Richards' First Amended Complaint.   The Court granted the defendants' motion in part, dismissing all of Richards' claims except the ADA claims against the State and Roy.   The Court permitted Richards to amend his Complaint to provide additional facts supporting several of the claims dismissed without prejudice.

In addition to reasserting claims against the State, Dayton, Roy, Anderson, and Minnesota Secretary of State Stephen Simon,[1] Richards' Second Amended Complaint alleged claims against Department of Corrections' ("DOC") employees Mike Hermerding, Sheila Packwood, and Nanette Larson.[2]   As well as claims premised on the ADA, Rehabilitation Act, and the United States Constitution, Richards brought a new claim pursuant to Section 1557 of the Patient Protection and Affordable Care Act ("Affordable Care Act").

Defendants answered the Second Amended Complaint and filed a partial motion to dismiss, arguing the Court should dismiss all of Richards' claims except Richards' ADA

---

[1] Simon replaced Ritchie as the Minnesota Secretary of State in January 2015.

[2] Roy, Hermerding, Packwood, and Larson are collectively referred to as "DOC Defendants."

claims against the State and DOC Defendants in their official capacities and Rehabilitation Act claims against DOC Defendants in their official capacities. On January 14, 2016, United States Magistrate Judge Janie S. Mayeron issued a Report and Recommendation ("2016 R&R"), recommending the Court grant Defendants' partial motion to dismiss in part. The Magistrate Judge recommended denying Defendants' motion with regard to Richards' Rehabilitation Act claims against the State, and granting in all other respects.

Richards objected to the 2016 R&R on various grounds. Because Richards failed to state a claim on which relief may be granted on the claims subject to the partial motion to dismiss, except the Rehabilitation Act claim against the State, the Court will adopt the 2016 R&R, allowing this case to proceed on Richards' ADA and Rehabilitation Act claims against the State and DOC Defendants in their official capacities. The Court will dismiss all other claims.

## BACKGROUND[3]

## I.   RICHARDS' CELIAC DISEASE ACCOMODATION

A physician diagnosed Richards with celiac disease[4] in 2011. (Second Am. Compl. ("SAC") ¶ 37, Apr. 14, 2015, Docket No. 134.) Richards received an initial biopsy, which

---

[3] The Court recites facts here only to the extent necessary to rule on Richards' objections. A more thorough factual background is available in the Magistrate Judge's 2015 Report and Recommendation ("2015 R&R"), (2015 R&R, Jan. 30, 2015, Docket No. 110), this Court's order affirming the Magistrate Judge's 2015 R&R, (Mem. Op. & Order Adopting 2015 R&R, Mar. 30, 2015, Docket No. 125), and the Magistrate Judge's 2016 Report and Recommendation ("2016 R&R"), (2016 R&R, Jan. 15, 2016, Docket No. 237).

[4] "Celiac disease is a digestive condition triggered by consumption of the protein gluten, which is primarily found in bread, pasta, cookies, pizza crust and many other foods containing wheat, barley or rye. People with celiac disease who eat foods containing gluten experience an

(Footnote continued on next page.)

showed his small intestine suffered damage due to the disease.  (*Id.* ¶¶ 66, 91.)  Despite the results, Richards alleges he never received a follow-up endoscopy, with a biopsy, to determine whether healing occurred in Richards' small intestine.  (*Id.* ¶¶ 65, 92, 111.)  Richards also requested, but did not receive, genetic testing to assess whether celiac disease caused the damage to his small intestine or whether another disease was to blame.  (*Id.* ¶¶ 66-68, 93.)

On December 23, 2011, Richards obtained a disability accommodation under the ADA.  (*Id.* ¶ 12.)  Richards' accommodation required the prison to provide a gluten-free and diabetic-appropriate diet to Richards (collectively, "accommodation-appropriate diet").  (*Id.* ¶¶ 12-14.)   Richards contends, however, that the prison repeatedly failed to furnish an accommodation-appropriate diet.  (*Id.* ¶¶ 64, 89, 94, 107; *see also* Pl.'s Objs. to 2016 R&R ("2016 Objs.") ¶¶ 3, 5, Aug. 23, 2016, Docket No. 356.)  Instead, the DOC used Richards's celiac disease and diabetes to retaliate against him.  (SAC ¶ 34, *see also* 2016 Objs. ¶¶ 3, 5, 7.)   For example, Richards alleges that the Food Service Director at the Minnesota Correctional Facility in Faribault told Richards, "[d]octors have invented the gluten problem," (SAC ¶ 64(a)), and refused to give him gluten-free sustenance, (*id.* ¶ 64(c)).  Another "frequent ploy" Richards alleges occurred when the prison kitchen neglected to send Richards' meal and then "<u>avoid[ed] answering the telephone</u> and <u>the in-prison radio</u>" when prison guards called to request Richards' meal.  (*Id.* ¶ 108.)   Further, Richards alleges

---

(Footnote continued.)

immune reaction in their small intestines.  Celiac disease affects about 1 in 133 Americans."  (Pl.'s Nov. 28, 2013 Decl., Attach. 1 at 2, Dec. 4, 2013, Docket No. 11.)

Hermerding denied Richards access to his dietitian – now the DOC Food Program Director – when Hermerding prevented Richards from sending correspondence.  (*Id.* ¶¶ 85-86, 113.)

In addition to an accommodation-appropriate diet, dental care is an essential part of the treatment for celiac disease.  (*Id.* ¶¶ 36, 38.)  Richards' original accommodation did not explicitly require provision of gluten-free dental materials.  (*Id.* ¶ 15.)  Richards filed a grievance and, approximately eight months later, the DOC supplemented Richards' disability accommodation to require gluten-free dental materials, including gluten-free toothpaste and dental floss.  (*Id.* ¶¶ 16-17, 19, 29.)  As a part of this program, Richards received gluten-free dental materials for use in the prison dental clinic, but the DOC required Richards to purchase gluten-free dental materials outside the prison dental clinic.  (*Id.* ¶¶ 27-28.)  In November 2012, the DOC transferred Richards to the Medical Unit at the Minnesota Correctional Facility in Oak Park Heights ("MCF-OPF") for "*alleged* needed medical care." (*Id.* ¶ 21.)  Despite Richards' accommodation, individuals at MCF-OPF denied Richards gluten-free dental materials.  (*Id.* ¶ 22-23.)  Consequently, the staff at MCF-OPF deprived Richards of the ability to perform dental self-care.  (*Id.* ¶ 22.)

Twenty-one days later, the DOC transferred Richards to MCF-Stillwater.  (*Id.* ¶ 22, 25.)  At MCF-Stillwater, Richards purchased gluten-free dental materials from the prison clinic.  (*Id.* ¶ 28.)  But in September 2013 the prison clinic at MCF-Stillwater allegedly stopped making gluten-free dental materials available to Richards.[5]  (*Id.* ¶ 31.)  In recent months, the prison clinic began supplying Richards with gluten-free dental materials free of

---

[5] Gluten-free dental materials are not available in the prison store, making Richards dependent on the prison clinic to obtain gluten-free dental materials.  (SAC ¶ 33.)

charge. [6]  (*Id.* ¶ 29.)  But, since Richards' diagnosis with celiac disease, the DOC deprived Richards' "natural teeth and adjoining tissues . . . of reliable, uninterrupted care," and, Richards alleges, the lack of access to gluten-free dental materials damaged Richards.  (*Id.* ¶ 40.)

## II.   PROCEDURAL HISTORY

Richards initiated this action on October 6, 2013 against state and federal defendants. (Notice of Removal, Ex. A ("Summons and Compl."), Nov. 5, 2013, Docket No. 1.)  The case was removed to federal court, (*id.*), and Richards filed his First Amended Complaint on April 10, 2014.  (First Am. Compl. ("FAC"), Apr. 10, 2014, Docket No. 28.)  Defendants filed a motion to dismiss on May 21, 2014.  (State Defs.' Mot. to Dismiss, May 21, 2014, Docket No. 31.)   On January 30, 2015, the Magistrate Judge issued a Report and Recommendation ("2015 R&R"), recommending the Court grant in part, and deny in part, defendants' motion to dismiss.  (2015 R&R at 86-88, Jan. 30, 2015, Docket No. 110.)  After considering Richards' objections, the Court adopted the 2015 R&R.  (Mem. Op. & Order Adopting R&Rs of Magistrate Judge, Mar. 30, 2015, Docket No. 125.)  The Court permitted Richards to amend his Complaint to provide additional facts supporting several claims dismissed without prejudice.  (*Id.* at 25.)

On April 14, 2015, Richards filed a Second Amended Complaint alleging Defendants violated the First, Fifth, Eighth, and Fourteenth Amendments to the United States

---

[6] Richards alleges that in April 2015 an "office worker" at MCF-Stillwater required Richards to sign an "Authorization/Restriction form with an expiration date."  (*Id.* ¶ 30.)  The form gave Richards access to free gluten-free dental materials, but Richards worries access to gluten-free dental materials will cease "at the end of the expiration period."  (*Id.*)

Constitution pursuant to 42 U.S.C. § 1983, the ADA, the Rehabilitation Act, and the Affordable Care Act. (SAC ¶¶ 41, 47, 51, 70, 80, 88, 95, 98, 106, 113-14.) Defendants filed an Answer to the Second Amended Complaint, (Defs.' Answer to SAC, May 5, 2015, Docket No. 145), and filed a Partial Motion to Dismiss the Second Amended Complaint, (Defs.' Partial Mot. to Dismiss SAC, May 5, 2015, Docket No. 147). Defendants argued the Court should dismiss all Richards' claims except his ADA claims against the State and the DOC Defendants in their official capacities and his Rehabilitation Act claims against the DOC Defendants in their official capacities.[7]

The Magistrate Judge issued the 2016 R&R, recommending the Court grant in part and deny in part Defendants' Partial Motion to Dismiss. (2016 R&R at 39-40, Jan. 15, 2016, Docket No. 237.) The Magistrate Judge recommended denying Defendants' motion with regard to Richards' Rehabilitation Act claim against the State, but granting in all other respects. (*Id.*) After the Court granted Richards' request for an extension of time to file his objections,[8] (*see* Order Extension Time File Obj. 2016 R&R, June 23, 2016, Docket No. 331), Richards objected to the 2016 R&R, (2016 Objs. ¶¶ 1-5.) The Court will now consider Richards' objections.

---

[7] In contrast to the FAC, Richards' SAC only alleged ADA and Rehabilitation Act claims against the DOC Defendants in their official capacities. (SAC ¶¶ 9(b)(2)-(5).)

[8] After the time for Richards' to object passed, the Court issued an Order adopting the 2016 R&R. (Order Adopting 2016 R&R, Mar. 2, 2016, Docket No. 265.) The next day, Richards filed a motion for extension of time. (Mot. for Extension of Time, Mar. 3, 2016, Docket No. 268.) In light of the motion, the Court stayed its Order adopting the 2016 R&R to consider Richards' objections if filed by a new deadline. (Order for Extension of Time to File Obj. to 2016 R&R, June 23, 2016.) The Court will vacate its Order in light of Richards' timely objections to the 2016 R&R.

## DISCUSSION

### I.   STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews *de novo* a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error."  *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

### II.   SECTION 1983 AND COMPREHENSIVE REMEDIAL SCHEMES[9]

Richards objects to the Magistrate Judge's recommendation to dismiss with prejudice Richards' constitutional claims based on his disability accommodation under 42 U.S.C. § 1983.[10]  Section 1983 provides plaintiffs with a federal cause of action to sue government officials acting under color of state law for deprivations of "rights, privileges, or immunities

---

[9] Richards does not object to the Magistrate Judge's assessment of his claims asserted against Simon, Anderson, or Dayton.  (2016 R&R at 24-27, 35.)  Richards also does not object to the Magistrate Judge's evaluation of his Affordable Care Act claims or request for punitive damages under the Affordable Care Act and Rehabilitation Act.  (*Id.* at 27-29, 35-36.)  The Court adopts the Magistrate Judge's analysis of those issues without further discussion.

[10] Because Richards does not object to the Magistrate Judge's assessment of his section 1983 claims premised on the DOC's management of prisoner trust accounts, (2016 R&R at 28, 30), or First Amendment claim against Hermerding, (*id.* at 32-34), the Court adopts the Magistrate Judge's analysis of those issues without further discussion.

secured by the Constitution and laws" of the United States. "[A] plaintiff may use section 1983 to enforce not only rights contained in the Constitution, but also rights defined by federal statutes." *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010-11 (8th Cir. 1999) (en banc), *cert. granted*, 528 U.S. 1146, *cert. dismissed*, 529 U.S. 1001 (2000). "An exception to this general rule exists when a comprehensive remedial scheme evidences a congressional intent to foreclose resort to section 1983 for remedy of statutory violations." *Id.* at 1011. In this circumstance, courts "presume that Congress intended that the enforcement mechanism provided in the statute be exclusive." *Id.*

Here, the Magistrate Judge recommended Richards' section 1983 claims underlying the State and DOC Defendants' failure to provide accommodation-appropriate meals, gluten-free dental materials, or medical and genetic testing should be dismissed. The Magistrate Judge reasoned that Richards raised the same claims under the ADA and Rehabilitation Act and "Congress intended that the enforcement mechanisms provided . . . be exclusive." (2016 R&R at 31.) The Magistrate Judge's recommendation is consistent with the Eighth Circuit's repeated conclusion that the ADA and Rehabilitation Act are comprehensive remedial schemes, suggesting that Congress did not intend violations of the statutes to be cognizable under section 1983. *See, e.g.*, *Grey v. Wilburn*, 270 F.3d 607, 610-11 (8th Cir. 2001) (affirming the district court's dismissal of a section 1983 claim "on the basis that it is predicated on the same allegations as [the plaintiff's] ADA and Rehabilitation Act claims"); *Alsbrook*, 184 F.3d at 1011 (finding that "the comprehensive enforcement mechanisms provided under § 504 [of the Rehabilitation Act] and the ADA suggest Congress did not intend violations of those statutes to be also cognizable under § 1983" (alteration in original) (quoting *Davis v. Francis Howell Sch. Dist.*, 104 F.3d 204, 206 (8th Cir. 1997))).

Richards objects to the Magistrate Judge's recommendation, arguing some of his claims are not based on the enforcement of the ADA or the Rehabilitation Act. (2016 Objs. ¶¶ 1-9); *see also Wong v. Minn. Dep't of Human Servs.*, 820 F.3d 922, 935-36 (8th Cir. 2016) (noting the dismissal of a section 1983 claim is proper if it is "predicated on the same allegations as [the] ADA and [Rehabilitation Act] claims").   Namely, Richards asserts the ADA and Rehabilitation Act do not cover Richards' claims regarding:  (1) the State and DOC Defendants' failures to provide a suitable diabetic diet, and (2) the State and DOC Defendants' use of Richards' celiac disease as a tool for retaliation.  (2016 Objs. ¶¶ 1-9.) For the reasons set forth below, both arguments fail.

###   A.   Diabetes Under the ADA and Rehabilitation Act

Richards first argues the ADA and Rehabilitation Act do not provide comprehensive relief for Richards' claims because diabetes is not covered under the statutes.[11]  (*Id.* ¶¶ 2-5.) "Title II of the ADA . . . prohibits qualified individuals with disabilities from being excluded from participation in or the benefits of the services, programs, or activities of a public entity."   *Randolph v. Rodgers*, 170 F.3d 850, 857 (8th Cir. 1999).   Similarly, the Rehabilitation Act "provides that no otherwise qualified individual with a disability shall be 'excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.'" *Id.* at 857-58 (quoting 29 U.S.C. § 794(a)).  "The ADA and the [Rehabilitation Act] are 'similar in

---

[11] The Magistrate Judge did not explicitly analyze Richards' section 1983 claims based on the denial of a diabetic-appropriate diet, but Richards' Second Amended Complaint asserted the denial of both gluten-free and diabetic-appropriate meals under the ADA and Rehabilitation Act. (SAC ¶¶ 59, 62, 75-76, 80, 83-85, 88, 94-95, 98.)

substance' and, with the exception of the [Rehabilitation Act's] federal funding requirement, 'cases interpreting either are applicable and interchangeable.'"  *Id.* at 858 (quoting *Gorman v. Bartch*, 152 F.3d 907, 912 (8th Cir. 1998)).

Under the ADA, a qualifying "disability" includes any "physical or mental impairment that substantially limits one or more major life activities."  42 U.S.C. § 12102(1)(A).  The regulations pertaining to the ADA define "physical or mental impairment" to include "diabetes," 28 C.F.R. § 35.104, and the ADA defines "major life activities" to include "eating" and operation of the "digestive" system, 42 U.S.C. § 12102(2). Thus, Richards' diabetes is an impairment that may constitute a disability under the ADA and, by equivalence, the Rehabilitation Act.  *See, e.g.*, *AP ex rel. Peterson v. Anoka-Hennepin Indep. Sch. Dist. No. 11*, 538 F. Supp. 2d 1125, 1141 (D. Minn. 2008).[12]

The allegations in the Second Amended Complaint that the DOC denied Richards a diabetic-appropriate diet are governed by the ADA and the Rehabilitation Act.  As such, Richards' "sole recourse" for these claims is under the ADA and Rehabilitation Act because the statutes provide a comprehensive remedial scheme.  *Battle v. Minn. Dep't of Corr.*, 40 F. App'x 308, 309 (8th Cir. 2002).  Richards may not assert his ADA and Rehabilitation Act denial of diabetic-appropriate meals claims under section 1983, and the Court will overrule this objection.

---

[12] Defendants also concede that "diabetes is an impairment that may constitute a disability under the ADA."  (Defs.' Resp. to Pl.'s Objs. at 3-4, Sept. 1, 2016, Docket No. 366.)

### B.      Retaliation for Accommodation

Richards next argues that the ADA and Rehabilitation Act do not provide a comprehensive relief for Richards' retaliation claims.  (2016 Objs. ¶¶ 7(A)-(B), 8.)   The Second Amended Complaint alleged Defendants deprived Richards of gluten-free dental materials as a tool of retaliation.  (SAC ¶¶ 21, 34, 64, 108.)  To the extent Richards' alleged retaliation, the claims are covered by the ADA and the Rehabilitation Act.  *See Hill v. Walker*, 737 F.3d 1209, 1218 (8th Cir. 2013) (describing the scope of retaliation claims under the ADA and Rehabilitation Act).[13]   Therefore, Richards may not assert his retaliation claims under section 1983.  *See Alsbrook*, 184 F.3d at 1011.  The Court will overrule this objection.

## III.    LEAVE TO AMEND THE COMPLAINT

In addition to the objections discussed above, Richards' raised three new claims. (2016 Objs. ¶¶ 6-8.)  Specifically, Richards alleged violations of the First, Fifth, Eighth, and Fourteenth Amendments pursuant to section 1983 because:  (1) DOC Defendants provided Richards lower quality food in retaliation for filing this civil lawsuit; (2) DOC Defendants denied Richards medical diagnosis and treatment for the ectasia of his abdominal aorta in retaliation for filing this civil lawsuit; and (3) DOC Defendants intimidated Richards' trial witnesses.  (*Id.* ¶ 7.)  Because Richards raised these claims after the Magistrate Judge issued

---

[13]    Defendants did not move to dismiss, to the extent alleged, any of Richards' retaliation claims under the ADA and Rehabilitation Act.  (Defs.' Partial Mot. Dismiss Second Am. Compl. at 1 (moving to dismiss "all of the claims in . . . Richards's Second Amended Complaint except for his claims under the [ADA] against the State and the named DOC employees and his claims against the named DOC employees under Section 504 of the Rehabilitation Act").)  The Court does not address the merits of any such claims.

the 2016 R&R, the Court will construe Richards' conditional request to amend "the operative complaint . . . to encompass matters that have arisen since the instant action was filed," (2016 Objs. ¶ 6), as a motion for leave to amend, *see Owen v. Young*, No. 15-4087, 2015 WL 6812229, at *2 (D.S.D. Nov. 5, 2015) (construing a *pro se* defendant's "supplemental motion" as a "motion for leave to amend" when a Magistrate Judge had already issued a report and recommendation regarding a motion to dismiss).

Leave to amend a complaint shall be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a). But "[a] district court does not abuse its discretion in failing to invite an amended complaint when plaintiff has not moved to amend and submitted a proposed amended pleading." *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002) (quoting *Carlson v. Hyundai Motor Co.*, 164 F.3d 1160, 1162 (8th Cir.1999)). Further, as a general rule, "a conditional request to amend placed at the conclusion of a response memorandum is far from ideal." *Benjamin v. Experian Info. Sols., Inc.*, No. 14-810, 2014 WL 3509044, at *4 (D. Minn. July 15, 2014). The Court "may appropriately deny leave to amend 'where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (quoting *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003)).

Although the Court recognizes the difficulties faced by *pro se* prisoners in civil litigation, *Studnicka v. Pinheiro*, No. 05-723, 2007 WL 1589527, at *5 (D. Minn. June 1, 2007), granting Richards' request for leave to amend in this circumstance is inappropriate. Most importantly, three years have passed since Richards initiated this action and Richards

already amended his Complaint on two occasions. With a summary judgment motion pending, permitting the amendment of the Complaint at this stage would cause undue delay and prejudice to the State and DOC Defendants. *N. States Power Co. v. Fed. Transit Admin.*, No. 01-295, 2002 WL 459065, at *2 (D. Minn. Mar. 19, 2002) (denying a motion for leave to amend when the new claim "would inevitably require additional discovery and could delay resolution of the dispositive motions already filed with the Court"). In this circumstance, justice does not require leave to amend the Complaint.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     The Order Adopting the Report and Recommendation dated March 2, 2016 [Docket No. 265] is **VACATED**.

2.     The Court **OVERRULES** Richards' objections [Docket No. 356] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated January 14, 2016 [Docket No. 237]. Accordingly, Defendants State of Minnesota, Hermerding, Packwood, Larson, Roy, Dayton, Simon, and Anderson's Partial Motion to Dismiss Second Amended Complaint [Docket No. 147] is **GRANTED in part** and **DENIED in part** as follows:

a.     The motion is **GRANTED** as to Richards' claims against Stephen Simon, Bradley Anderson, and Mark Dayton. These claims are **DISMISSED with prejudice**.

b.     The motion is **GRANTED** as to Richards' claims under 42 U.S.C. § 1983 asserted against the State of Minnesota, Thomas Roy, Mike Hermerding,

Sheila Packwood, and Nanette Larson.   These claims are **DISMISSED with prejudice**.

      c.     The motion is **GRANTED** as to Richards' claims under the Affordable Care Act against the State of Minnesota, Thomas Roy, Mike Hermerding, Sheila Packwood, and Nanette Larson.  These claims are **DISMISSED without prejudice**.

      d.     The motion is **GRANTED** as to Richards' claims for punitive damages Section 504 of the Rehabilitation Act and Affordable Care Act.  These claims are **DISMISSED with prejudice**.

      e.     The motion is **DENIED** as to Richards' claims asserted under Section 504 of the Rehabilitation Act against the State.

    3.     Plaintiff Leonard Richards' Motion for Leave to Amend [Docket No. 356] is **DENIED**.

DATED:  November 29, 2016
at Minneapolis, Minnesota.

                     s/ John R. Tunheim
                   JOHN R. TUNHEIM
                   Chief Judge
          United States District Court